UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA L. MEANS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | No.  2:15-cv-0327-KJM-CKD<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively.  For the reasons discussed below, the court will recommend that plaintiff's motion for summary judgment be granted, the Commissioner's cross-motion for summary judgment be denied, and this matter be remanded for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

I.　　BACKGROUND

Plaintiff, born September 6, 1954, applied on February 22, 2012 for DIB and SSI, alleging disability beginning November 1, 2011.  Administrative Transcript ("AT") 201-09.  Plaintiff alleged she was unable to work due to degenerative lumbar disc disease, chondromalacia patella

in both of her knees, trigger finger in her right hand, chronic obstructive pulmonary disease, carpal tunnel syndrome in both of her hands, arthritis, occasional silent migraines, and restless leg syndrome. AT 229. In a decision dated January 13, 2014, the ALJ determined that plaintiff was not disabled.[1] AT 13-23. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.
>
> 2. The claimant has not engaged in substantial gainful activity since November 1, 2011, the alleged onset date.
>
> 3. The claimant has the following severe impairments: lumbar degenerative disc disease and right hand third trigger finger.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant is limited to no more than frequent right hand fingering and handling.
>
> 6. The claimant is capable of performing past relevant work as an audit clerk, accounting clerk, and night auditor. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from November 1, 2011, through the date of this decision.

AT 15-22.

II.     ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) failed to consider the opinion of treating physician Dr. Reinhardt when determining plaintiff's residual functional capacity ("RFC"); (2) improperly assigned "little weight" to the opinions of Dr. Geyman and his certified physician's assistant Jennifer Eickstadt when determining plaintiff's RFC; and (3) improperly mischaracterized the vocational expert's testimony to determine that plaintiff could perform her past relevant work at step four of the sequential analysis.

III.    LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving

ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

IV.   ANALYSIS

    A.   The ALJ Committed Prejudicial Error by Failing to Consider Dr. Reinhardt's Opinions

First, plaintiff contends that the ALJ committed prejudicial error by not addressing Dr. Reinhardt's treating opinions in any capacity when determining plaintiff's RFC. The court agrees.

20 C.F.R. §§ 404.1527(c), 416.927(c) mandate that the Commissioner consider every medical source opinion by promising claimants that the administration "will evaluate every medical opinion we receive." Id. These regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." Id. §§ 404.1527(a)(2), 416.927(a)(2).

Dr. Reinhardt issued two medical questionnaires in connection with requests for workplace accommodation made by plaintiff to her then-employer Wal-Mart Stores, Inc. AT 430, 434. In the first questionnaire, dated May 4, 2009, Dr. Reinhardt diagnosed plaintiff with

degenerative disc disease and chondromalacia patella, and noted that these conditions "limited [plaintiff's] ability to kneel and squat." AT 430. Dr. Reinhardt further opined that plaintiff could not engage in repetitive twisting the spine for periods of greater than one hour. Id. She also determined that plaintiff's abilities to bend and lift were affected by her impairments and that she was limited to lifting no more than 15 pounds at a time. Id. She also found plaintiff's prognosis to be "fair," but expected plaintiff's condition to last her full lifetime because surgical intervention was unavailable. Id. Dr. Reinhardt made the same diagnoses in a second questionnaire dated September 17, 2009. AT 434. In addition, she opined that plaintiff's impairments precluded her from standing for more than 15 minutes consecutively without the option to sit down for 5 to 10 minutes at a time afterwards. Id. As in her prior questionnaire, Dr. Reinhardt opined that plaintiff's limitations would exist for her entire lifetime. Id.

Dr. Reinhardt also issued two certification forms for plaintiff's Family Medical Leave Act requests, dated May 4, 2009 and August 9, 2010, respectively. AT 431-32, 435-36. In the earlier-dated form, Dr. Reinhardt found that plaintiff "was unable to bend or lift 2°," and that she would be incapacitated through May 8, 2009, the date on which Dr. Reinhardt believed that plaintiff would receive a stool to sit on as a workplace accommodation that would alleviate her incapacity. AT 431-32. In the later-dated certification, Dr. Reinhardt opined that plaintiff was precluded from tasks requiring bending and from walking when she experienced episodes that caused exacerbation of the symptoms of her lumbar degenerative disc disease. AT 435-36. She further opined that plaintiff would experience exacerbated back symptoms once every six months for seven days at a time. AT 436.

The court finds that these medical questionnaires and certifications issued by Dr. Reinhardt constituted treating physician opinions under the applicable regulations because they reflected medical judgments from one of plaintiff's treating physicians regarding the nature and severity of plaintiff's impairments made in functional terms applicable to determining disability under the Act. See 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). Accordingly, the ALJ was required to consider Dr. Reinhardt's opinions and to explain what, if any, weight she assigned them in determining plaintiff's RFC along with reasons in support of that conclusion. Id. §§

5

404.1527(c), 416.927(c).  However, the ALJ failed to satisfy these requirements.  Indeed, the ALJ failed to specify in her RFC discussion what weight, if any, she accorded to Dr. Reinhardt's opinions and her reasons for making such a determination.  See AT 18-22.  Moreover, the ALJ provided no discussion of Dr. Reinhardt or her opinions at any point in the decision, thus providing a strong indication that she wholly failed to consider them.  The ALJ's lack of consideration makes it difficult for the court to conduct its review of the final decision of the Commissioner and violates the ALJ's duty to evaluate all of the medical opinion evidence in the record.  Id.  Accordingly, the ALJ erred by failing to consider Dr. Reinhardt's treating opinions.

The Commissioner argues that the ALJ was free to completely disregard Dr. Reinhardt's opinions because they were issued prior to plaintiff's alleged disability onset date.  However, while the Ninth Circuit Court of Appeals has held that an ALJ may discount the weight given to a physician's opinion because it predated the alleged onset date, see Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1165 (9th Cir. 2008) (citing Fair v. Bowen, 885 F.2d 597, 600 (9th Cir. 1989)) ("Medical opinions that predate the alleged onset of disability are of limited relevance."), it has not held that an ALJ may altogether fail to consider such an opinion.  Moreover, the ALJ here did not rely on this or any other rationale as part of her analysis, and the court is not permitted to make ad hoc rationalizations for the ALJ.  Barbato v. Comm'r, 923 F.Supp. 1273, 1276, n.2 (C.D. Cal. 1996); Lewin v. Schweiker, 654 F.2d 631, 634-35 (9th Cir. 1981).  Indeed, a reviewing court cannot affirm an ALJ's decision denying benefits on a ground that was not invoked by the ALJ herself.  Stout v. Comm'r, 454 F.3d 1050, 1054 (9th Cir. 2006) (citing Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001)).[2]

The ALJ's error in failing to discuss Dr. Reinhardt's opinions in any manner when determining plaintiff's RFC constituted prejudicial error.  The ALJ determined at step four that plaintiff was able to perform her past relevant work given her RFC.  AT 22.  However, because

---

[2] The Commissioner makes additional arguments in her cross-motion for summary judgment for why Dr. Reinhardt's opinions were not entitled to any weight.  However, because the ALJ failed to articulate such reasons or even acknowledge Dr. Reinhardt's opinions, the court cannot rely on these additional post hoc rationalizations to support the ALJ's decision.  See Stout, 454 F.3d at 1054 (quoting Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)) ("'[W]e are constrained to review the reasons the ALJ asserts.'").

the ALJ reached her RFC conclusion without properly considering Dr. Reinhardt's opinion, she could not rely on that erroneous determination to support her step four conclusion, and, ultimately, her conclusion that plaintiff was not disabled. Furthermore, the ALJ's step four determination relied on the vocational expert's testimony in response to the ALJ's hypothetical questions that were premised on her erroneous RFC determination. Id. Accordingly, the ALJ's failure to consider Dr. Reinhardt's opinions was not harmless.

B.  The ALJ's Prejudicial Error Warrants Remand for Further Proceedings

When the court finds that the ALJ committed prejudicial error, it has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Generally, if the court finds that the ALJ's decision was erroneous or not supported by substantial evidence, the court must follow the "ordinary remand rule," meaning that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014). A remand for an award of benefits is inappropriate where the record has not been fully developed or there is a need to resolve conflicts, ambiguities, or other outstanding issues. Id. at 1101.

Here, the ALJ's error requires this matter to be remanded for further proceedings. As discussed above, the ALJ failed to address the treating opinions of Dr. Reinhardt in any manner whatsoever, thus leaving the court unable to accurately assess whether the ALJ properly weighed the medical opinion evidence in the record when determining plaintiff's RFC, and, ultimately, whether the ALJ's RFC determination was supported by substantial evidence. Accordingly, further administrative proceedings are warranted to allow the ALJ an opportunity to properly consider and weigh Dr. Reinhardt's opinions.

On remand, the ALJ should consider Dr. Reinhardt's treating opinions in the record, and, if she chooses not to rely on them, should provide specific, legitimate reasons for disregarding them. Furthermore, the ALJ should obtain further vocational expert testimony in response to hypothetical questions that take into account RFC findings that are based on a proper consideration of Dr. Reinhardt's opinions. The ALJ should also be free to develop the record in other ways, as needed.

Importantly, the court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand. The court also does not instruct the ALJ to credit any particular opinion or testimony, including the opinions of Dr. Reinhardt. On remand, the ALJ may determine that Dr. Reinhardt's opinions, or any other medical opinion in the record, are entitled to controlling weight, substantial weight, reduced weight, or no weight at all—provided that the ALJ's determination complies with applicable legal standards and is supported by substantial evidence in the record. On a similar basis, the ALJ may ultimately find plaintiff disabled during the entirety of the relevant period; may find plaintiff eligible for some type of closed period of disability benefits; or may find that plaintiff was never disabled during the relevant period.

C. <u>Other Issues</u>

Plaintiff also argues that the ALJ erred in assigning "little weight" to the opinions of Dr. Geyman and his certified physician's assistant Jennifer Eickstadt. Because the court finds the ALJ erroneously failed to consider Dr. Reinhardt's opinions, it declines to address the substance of this issue at this time. Proper consideration of Dr. Reinhardt's opinions will grant the ALJ an opportunity to reassess her consideration of these other opinions, and indeed all of the medical opinion evidence in the record.

Similarly, the court also declines to address at this juncture plaintiff's additional argument that the ALJ erred at step four because she mischaracterized the vocational expert's testimony in order to find that plaintiff was capable of performing her past relevant work. Because the ALJ should reconsider her step four findings based on a reassessment of plaintiff's RFC and obtain further vocational expert testimony, she will have an opportunity to address the issues plaintiff raises in her motion on remand with regard to the ALJ's reliance on the vocational expert's testimony.[3]

/////

---

[3] While the court declines to address the additional issues raised in plaintiff's motion at this juncture, it does so without prejudice to a reassertion of such contentions if this matter again comes before this court.

8

## V. CONCLUSION

For the reasons stated herein, the court recommends that this matter be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and for further findings addressing the deficiencies noted above.  Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) be granted and this case be remanded for purposes of further development and reconsideration of the record consistent with the directions set forth above;

2. The Commissioner's cross-motion for summary judgment (ECF No. 17) be denied; and,

3. This matter be remanded for further proceedings consistent with these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  January 29, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

11 means0327.ss